IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,277-01






EX PARTE MATTHEW ARTHUR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 114-2515-06 IN THE 114TH DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child
and sentenced to fifteen years' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, that although he was indigent and the trial court did
not determine whether he had the financial resources to pay $491.00 in court costs, he was ordered
to pay these costs. 

 Applicant has alleged facts that, if true, might entitle him to relief. Mayer v. State, 309
S.W.3d 552 (Tex. Crim. App. 2010). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether: (1) Applicant was indigent
and had been appointed counsel; (2) the $491.00 in court costs also included costs of legal services;
and (3) if so, the trial court made a determination before assessing the costs of legal services that
Applicant had the financial resources to offset them in part or whole. Tex. Code Crim. Proc. arts.
26.05(g). The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 26, 2012

Do not publish